IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03CR3090 |
| | ) | |
| v. | ) | |
| | ) | |
| LUIS ALBERTO ERENAS-LUNA, | ) | MEMORANDUM OPINION |
| a/k/a MIGUEL ONTIVEROS-MURILLO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Eighth Circuit Court of Appeal's ruling vacating the Court's denial of defendant's motion to dismiss and remanding the matter for reconsideration of the fourth *Barker*[1] factor (Filing No. 128). The parties submitted briefs in response to the Eighth Circuit's remand (Filing Nos. 143, 144), and the Court held a hearing on June 30, 2009, at which time evidence and argument of counsel was received. Upon review of the parties' briefs, the transcript of the June 30, 2009, hearing, the transcript of the hearing before Magistrate Judge Piester on May 15, 2007 (Filing No. 47), the transcript of the trial (Filing Nos. 120-124), and the applicable law, the Court finds that the government has failed to satisfy its burden of proof to overcome the presumption of prejudice and the indictment will be dismissed.

---

[1] *Barker v. Wingo*, 407 U.S. 514 (1972).

**DISCUSSION**

The narrow issue before the Court on remand is whether the government has rebutted the presumption of prejudice under the fourth *Barker* factor.  The Court finds it has not.

There is evidence that individuals had failed memories at the time of trial.  For example, Investigator Mark Dreher testified during the remand hearing that government witness Jack Thompson's memory "had slipped a little bit" by the time of his pre-trial interview, and an anticipated government witness, Jose Luis Orona, was not ultimately called to testify because he was no longer able to identify the defendant from a photograph or recall certain details during his pre-trial interview.  These examples indicate that there is simply no way to determine how the witnesses' memories were impacted or whether the reliability of defendant's trial was compromised by the lapse of time.  In addition, two potential witnesses were unavailable to testify at the time of trial, and the government has not shown that these individuals would not have been available to testify at an earlier trial or would not have provided helpful testimony for the defendant.

In light of the foregoing, the government has failed to rebut the presumption of prejudice under the fourth *Barker* factor, and the indictment must be dismissed.  Defendant's

conviction and sentence will be vacated accordingly.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 21st day of July, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court